UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

DEBORAH BAUER-ROBERTSON, STACEY KENNEY, CRAIG MILLER, BRENARD REEL, TYNISA RICHARDSON, and LLOYD RYAN, *on behalf of themselves and all others similarly situated*,

   Plaintiff,

v.                                                                                  Civil Action No. __3:20-cv-827__

HANOR LAW FIRM, PLLC

   Defendant.

**CLASS ACTION COMPLAINT**

COME NOW, the Plaintiffs, Deborah Bauer-Robertson ("Ms. Bauer-Robertson"), Stacey Kenney ("Ms. Kenney"), Craig Miller ("Mr. Miller"), Brenard Reel ("Mr. Reel"), Tynisa Richardson ("Ms. Richardson"), and Lloyd Ryan ("Mr. Ryan"), (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, by counsel, and as for their Complaint against Defendant, they allege as follows:

**PRELIMINARY STATEMENT**

1. This is a consumer class action brought for willful violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Plaintiffs allege a class claim against Defendant Hanor Law Firm, PLLC (hereafter "Hanor" or "Defendant") pursuant to 15 U.S.C. § 1692k as to them and the putative Class Members for Hanor willfully filing lawsuits against consumers in violation of binding arbitration clause with such consumers that bars such lawsuits. Defendant initiated numerous lawsuits against consumers

despite having clear notice of the binding arbitration provision that barred such action. Defendant's repeated filing of inappropriate lawsuits has cost consumers lost time in investigating and defending against such lawsuits, as well as has caused embarassment and humiliation by virtue of a public proceeding being filed against them.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 15 U.S.C. § 1692k(d) and because it arises under the laws of the United States. 28 U.S.C. § 1331.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of Defendant's violative conduct occurred in this Division of this Court. Plaintiffs, with the exception of Ms. Kenney who also lives Virginia, are residents of this District. Mr. Reel is a resident of this Division.

## PARTIES

5. Ms. Bauer-Robertson is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

6. Ms. Kenney is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

7. Mr. Miller is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

8. Mr. Reel is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

9. Ms. Richardson is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

10. Mr. Ryan is a natural person, resident of Virginia, and a consumer protected by the FDCPA.

11. At all times relevant to this Complaint, Hanor regularly collects or attempts to collect debts owed or due to or asserted to be owed or due to another. It is a "debt collector" as defined and governed by the FDCPA.

## STATEMENT OF FACTS

### Facts Common to Plaintiff and Proposed Class

12. Hanor regularly initiated lawsuits on behalf of its client, Shiva Finance, LLC (hereafter "Shiva"), to attempt to collect on debts from credit that Shiva extended to consumers in Virginia that were allegedly in default.

13. As part of its standard credit agreement to consumers in Virginia, Shiva requires consumers agree to binding arbitration to resolve all disputes concerning Shiva and that consumer, including any claims over unpaid balances on the credit.

14. That clause prohibited the filing of any action – including a collection action – in any court other than a Small Claims Court.

15. In Virginia, Small Claims Courts are not the same as Genera District Courts, have a limited damage ceiling and cannot be used when an attorney represents a party.

16. Hanor had clear notice of this arbitration clause and even submitted this clause as part of the record when it filed lawsuits on behalf of against consumers in Virginia.

17. In such lawsuits it filed, Hanor disclosed sensitive bank account information regarding consumer's bank account information, which became part of a public record.

18. The filing of the action in General District Court is now permanently in the public record and can be found whenever any background check agency or credit bureau searched for it online.

19. There is a material difference between an action brought in private arbitration and one filed in court. For example, in arbitration, there is no public record created that the consumer has been subject to a collection action.

20. On or around September 25, 2020, Shiva entered into an Assurance of Voluntary Compliance with the Virigina Attorney General, in which the Virginia Attorney General asserted that Shiva "misrepresented to consumers in its Contract that all disputes would be heard in either arbitration or small-claims court, and instead it hired counsel and filed 1,971 lawsuits in general district courts all over the Commonwealth."

### Plaintiff Bauer-Robertson's Experience

21. Ms. Bauer-Robertson obtained credit with Shiva and that credit agreement contained a binding arbitration clause that stated that both Shiva and Ms. Bauer-Robertson supposedly agreed to submit "All Disputes" to arbitration.

22. Despite the prohibition on doing so, on or around March 12, 2020, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Ms. Bauer-Robertson in Williamsburg/James City County General District Court for an alleged breach of the credit agreement.

23. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Ms. Bauer-Robertson's bank account, including routing and bank account number.

24. Ms. Bauer-Robertson was forced to seek counsel and take other appropriate actions in order to defend herself against this lawsuit.

**Plaintiff Kenney's Experience**

25. Ms. Kenney obtained credit with and that credit agreement contained a binding arbitration clause that stated that both Shiva and Ms. Kenney supposedly agreed to submit "All Disputes" to arbitration.

26. Despite the prohibition on doing so, on or around March 4, 2020, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Ms. Kenney in Albemarle General District Court for an alleged breach of the credit agreement, despite the prohibition on doing so.

27. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Ms. Kenney's bank account, including routing and bank account number.

28. Ms. Kenney was forced to seek counsel and take other appropriate actions in order to defend herself against this lawsuit.

**Plaintiff Miller's Experience**

29. Mr. Miller obtained credit with Shiva and that credit agreement contained a binding arbitration clause that stated that both Shiva and Mr. Miller supposedly agreed to submit "All Disputes" to arbitration.

30. Despite the prohibition on doing so, on or around December 16, 2019, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Mr. Miller in Loudoun County General District Court for an alleged breach of the credit agreement.

31. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Mr. Miller's bank account, including routing and bank account number.

32. Ms. Miller was forced to seek counsel and take other appropriate actions in order to defend himself against this lawsuit.

### Plaintiff Reel's Experience

33. Mr. Reel obtained credit with Shiva and that credit agreement contained a binding arbitration clause that stated that both Shiva and Mr. Reel supposedly agreed to submit "All Disputes" to arbitration.

34. Despite the prohibition against doing so, on or around June 19, 2020, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Mr. Reel in Colonial Heights General District Court for an alleged breach of the credit agreement.

35. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Mr. Reel's bank account, including routing and bank account number.

36. Mr. Reel was forced to seek counsel and take other appropriate actions in order to defend himself against this lawsuit.

### Plaintiff Richardson's Experience

37. Ms. Richardson obtained credit with Shiva and that credit agreement contained a binding arbitration clause that stated that both Shiva and Ms. Richardson supposedly agreed to submit "All Disputes" to arbitration.

38. Despite the prohibition against doing so, on or around December 11, 2019, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Ms. Richardson in Newport News General District Court for an alleged breach of the credit agreement.

39. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Ms. Richardson's bank account, including routing and bank account number.

40. Ms. Richardson was forced to seek counsel and take other appropriate actions in order to defend herself against this lawsuit.

### Plaintiff Ryan's Experience

41. Mr. Ryan obtained credit with Shiva and that credit agreement contained a binding arbitration clause that stated that both Shiva and Mr. Ryan supposedly agreed to submit "All Disputes" to arbitration.

42. Despite the prohibition on doing so, on or around January 28, 2019, Hanor, on behalf of Shiva and in an attempt to collect a debt allegedly owed to Shiva, filed a lawsuit against Mr. Ryan in Fairfax County General District Court for an alleged breach of the credit agreement.

43. In the papers that Hanor filed as part of this lawsuit, Hanor disclosed sensitive account information about Mr. Ryan's bank account, including routing and bank account number.

44. On or around March 14, 2019, Hanor, on behalf of Shiva, obtained a default judgment against Mr. Ryan.

45. On or around January 22, 2020, Hanor, on behalf of Shiva, initiated garnishment proceedings in Fairfax County General District Court to collect on the aforementioned default judgment.

46. As a result of these garnishment proceedings, Mr. Ryan sought legal counsel to protect his livelihood.

**COUNT ONE – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. § 1692,** *et seq.***)**
**<u>Plaintiffs and Putative Class</u>**

47. Plaintiffs reallege and incorporate by reference all paragraphs above as if fully set forth herein.

48. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this claim for themsleves and on behalf of a class initially defined as follows:

> All natural persons who reside within the Commonwealth of Virginia, who had entered into a credit agreement with Shiva that contained an arbitration provision and on or after the date one year before the filing of this Action, faced either an active lawsuit initiated by Hanor pertaining to the credit agreement with Shiva, an active garnishment initiated by Hanor pertaining to a judgment that Hanor had obtained on such a lawsuit, or a threat from Hanor to sue in this same manner.
>
> Excluded are any lawyers or judges in this action as well as any of their immediate family members or employees.

49. Plaintiffs also allege that subclasses may be used and appropriate at the Court's discretion as to each of these three categories of class members – those sued, those garnished and those threatened with such suit.

50. **Numerosity. Fed. R. Civ. P 23(a)(1)**. Upon information and belief, Plaintiffs allege that the Class Members are so numerous that joinder of all is impractical. On information and belief, Plaintiffs allege that at least 100 such court proceedings have occurred within the previous year. The names and addresses of the Class Members are identifiable through the internal business records maintained by Hanor and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

51. **Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative Class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual Class Members. The principal issues are: (a) whether Shiva entered into arbitration agreement as part of its standard business practice with Virginia consumers; (b) whether Hanor violated this agreement by threatening or filing lawsuits on Shiva's

behalf against these consumer; (c) what is the proper measure of actual damages, and (d) what is the proper measure of statutory damages.

52. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiffs' claims are typical of the claims of each putative Class Member. Plaintiffs, as well as every putative Class Member, allege the same violations of the FDCPA. These claims challenge Hanor's repeated practice of suing Shiva borrowers in Virginia, despite the binding arbitration agreement. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative Class.

53. **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiffs are adequate representatives of the putative Class, because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiffs nor their attorneys have any interests that might cause them not to vigorously pursue this action.

54. **Superiority. Fed. R. Civ. P. 23(b)(3)**. Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the Class Members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for

inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

55. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members, Fed. R. Civ. P. 23(b)(2).

56. Defendant Hanor was a debt collector as defined in 15 U.S.C. § 1692a(6) as to the Plaintiffs and each putative Class Member.

57. In the course of Defendant's business, it willfully sued Shiva borrowers in Virginia General District Court and knew it was violating the arbitration agreement between Shiva and such consumers. Accordingly, Hanor engaged in acts and practices that were unfair.

58. In the course of Defendant's business, it willfully sued Shiva borrowers in Virginia General District Court, obtained judgments and commenced garnishment proceedings and knew it was violating the arbitration agreement between Shiva and such consumers. Accordingly, Hanor engaged in acts and practices that were unfair.

59. In the course of Defendant's business, it willfully threatened to sue Shiva borrowers in Virginia General District Court, obtained judgments and commenced garnishment proceedings and knew it could not lawfully do so without violating the arbitration agreement between Shiva and such consumers. Accordingly, Hanor engaged in acts and practices that were unfair.

60. Defendant also exposed borrowers' confidential and sensitive financial information through its public filings, in a way that is both unfair and unconscionable.

61. Defendant violated the FDCPA as to Plaintiff and members of the putative Class by using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

62. Defendant's conduct proximately caused injuries to Plaintiff and the other Class Members.

63. Plaintiffs and the other Class Members were injured as a result of Defendant's conduct in that the Plaintiffs and the other Class Members had to expend time and energy to address court proceedings and experienced emotional distress, humiliation, and embarassment from being sued.

64. Hanor's willful violation of the FDCPA renders it liable to the Plaintiffs for actual damages and $1,000 in statutory damages. 15 U.S.C. §1692k(a). This same conduct renders Hanor liable to the putative class for the lesser of $500,000 or 1% of Hanor's net worth. 15 U.S.C. §1692k(a)(2)(B).

65. Plaintiffs and the putative Class Members are entitled to recover costs, and attorneys' fees from the Defendant in an amount to be determined by the Court. 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Deborah Bauer-Robertson, Stacey Kenney, Craig Miller, Brenard Reel, Tynisa Richardson, and Lloyd Ryan request that the Court enter judgment on behalf of themselves and the class they seek to represent against Defendant and to (1) certify this matter to proceed as a class action under Rule 23 with Plaintiff and their Counsel appointed to represent the class; (2) enter judgment for actual and statutory damages as pled; (3) award attorney's fees, costs, pre-judgment, and post-judgment interest; and (4) award such other relief as the Court deems just and appropriate.

**TRIAL BY JURY IS DEMANDED**

      Respectfully Submitted,
      **PLAINTIFFS**

      By: <u>     /s/ *Kevin Dillon*           </u>
      Leonard A. Bennett, VSB #37523
      Craig C. Marchiando, VSB # 89736
      Kevin A. Dillon, VSB # 93475
      CONSUMER LITIGATION ASSOCIATES, PC
      763 J. Clyde Morris Boulevard, Suite 1-A
      Newport News, Virginia 23601
      Telephone: (757) 930-3660
      Facsimile: (757) 930-3662
      Email: <u>lenbennett@clalegal.com</u>
      Email: <u>craig@clalegal.com</u>
      Email: <u>kevin@clalegal.com</u>

      Dale W. Pittman, VSB #15673
      THE LAW OFFICE OF DALE W. PITTMAN, P.C.
      The Eliza Spotswood House
      112-A West Tabb Street
      Petersburg, VA 23803
      Telephone: 804-861-6000
      Fax: 804-861-3368
      Email: dale@pittmanlawoffice.com

      Michael C. Litman, VSB #92364
      LITMAN PLLC
      6802 Paragon Place, Suite 410
      Richmond, VA 23230
      Telephone: 804-723-6912
      Email: mike@mlitman.com